**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

APR 24 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JON L. NYLAND, <br><br>             Plaintiff-Appellant, <br><br>    v. <br><br> CALAVERAS COUNTY SHERIFF'S JAIL; et al., <br><br>             Defendant-Appellee. | No. 16-16214 <br><br> D.C. No. 1:15-cv-00886-DLB <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted April 11, 2017[***]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Jon L. Nyland appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

---

       [*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

       [**]      Nyland consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

       [***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional claims arising out of his pretrial detention at the Calaveras County Jail. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, reverse in part, vacate in part, and remand.

Dismissal of Nyland's claim of constitutionally inadequate medical care was proper because under any potentially applicable standard, Nyland failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to his health. *See Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009) ("To establish a prison official's deliberate indifference, an inmate must show that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk."); *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (pretrial detainee's claim of deliberate indifference to a serious medical need is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *cf. Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc)

16-16214

(elements of Fourteenth Amendment pretrial detainee failure-to-protect claim).

The district court properly dismissed Nyland's First Amendment retaliation claim against all defendants, except defendant Bailey, because Nyland failed to allege facts sufficient to show that defendants other than defendant Bailey were involved in his transfer to administrative segregation. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of First Amendment retaliation claim in the prison context).

The district court properly dismissed Nyland's due process claim to the extent that it was premised on his confinement to the safety cell because Nyland did not allege that his confinement to the safety cell was not reasonably related to the jail's legitimate security needs. *See Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979) ("Absent a showing of an expressed intent to punish on the part of detention facility officials . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" (internal citations omitted)).

The district court dismissed Nyland's claims against defendants Mattos and Manning for interference with Nyland's mail on the ground that isolated incidents of mail interference do not support a claim. However, Nyland alleged that

defendants Mattos and Manning delivered Nyland clearly marked legal mail that had been previously opened, and defendant Manning signed a document admitting jail staff opened the mail outside Nyland's presence. In two recent decisions, this court clarified the circumstances under which a plaintiff properly alleges a legal mail interference claim under the First and Sixth Amendments. *See Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017) (prisoners have a First Amendment right to have their properly marked legal mail, including civil mail, opened in their presence); *Mangiaracina v. Penzone*, 849 F.3d 1191, 1196-97 (9th Cir. 2017) (Sixth Amendment requires a pretrial detainee be present when legal mail related to a criminal matter is inspected; even a single incident of improper reading of a pretrial detainee's mail may give rise to a constitutional violation). In light of the intervening authority, we vacate the dismissal of the claims related to the opening of Nyland's legal mail outside his presence, and remand for further proceedings.

The district court dismissed Nyland's First Amendment retaliation and due process claims as to defendant Bailey for failure to state a claim. However, Nyland alleged that defendant Bailey transferred him from the jail's E-Pod general housing unit to administrative segregation in C-Pod after Nyland filed a civil rights complaint in the district court, and the purpose of the transfer was to hinder

Nyland's ability to litigate his civil rights action. Liberally construed, these allegations were "sufficient to warrant ordering [defendant] to file an answer." *Wilhelm*, 680 F.3d at 1116; *see also Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) ("Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal."); *Pierce v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (setting forth the standard for determining whether conditions of pretrial detention are constitutional under the Fourteenth Amendment); *Rhodes*, 408 F.3d at 567-68. We reverse and remand for further proceedings as to these claims.

We do not consider documents or facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

We reject as meritless Nyland's contentions that he was improperly denied an attorney and the opportunity for discovery.

Nyland's motion to introduce evidence (Docket Entry No. 9) is denied without prejudice. Nyland may attempt to present any evidence at the district court.

In sum, we reverse the dismissal of Nyland's First Amendment retaliation and due process claims as to defendant Bailey; vacate the dismissal of Nyland's claims of improper legal mail interference as to defendants Mattos and Manning; and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**

16-16214